## NIER v
## KROGER GROCERY & BAKING CO

Ohio Appeals, 2nd Dist, Fayette Co

No 219. Decided March 27, 1935

282

Maddox & Maddox, Washington C. H., for plaintiff in error.

Jos. F. Hogan, Columbus, and N. L. McLean, Washington C. H., for defendant in error.

**OPINION**

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the rulings, orders, finding and judgment of the Court of Common Pleas of Fayette County, Ohio.

The parties appear herein in the same order as in the court below. Very able and comprehensive briefs have been filed by counsel representing the respective parties.

Plaintiff's action was for damages predicated on claimed negligence of the defendant in the construction and maintenance of outside steps leading to defendant's store. Defendant Kroger Company denied all acts of negligence and by way of further defense averred that plaintiff's injuries, if any, were caused wholly and solely by want of ordinary care for her own safety. This was not really an affirmative defense, but was available to the defendant whether set up in the answer or not. The question of contributory negligence was raised through the evidence and by virtue of the rule announced by the Supreme Court years ago became an issue in the case.

A trial to a court and jury resulted in a verdict for the defendant. Motion for a new trial was duly filed, overruled and judgment entered. This is the final order from which error is prosecuted in this court.

The petition in error sets out five subdivisions of claimed error. In the brief of counsel for plaintiff in error but two grounds are urged.

(1) Error in the admission of evidence, and

(2) That the verdict and judgment was against the manifest weight of the testimony.

Considering these claimed errors in the order presented, we first take up the question of submission of evidence.

It is very strenuously urged that the court was in error in admitting in evidence as exhibits A2, A3, A4, A5, A6, A7, A8 and A9. These various numbered exhibits were all part of a step identified as Exhibit A. The completed step contained other boards and parts than the exhibits admitted. These several parts were severally identified, given exhibit numbers and specifically excluded.

It was the claim of defendant that the boards and other parts identified as above were in the step as it existed at the time plaintiff had her fall and accident. The added parts, according to the testimony, widened the steps and this was done shortly after the accident.

After a careful examination of the record we find no error in the ruling of the trial court admitting this exhibit in evidence. It was the plan of counsel for defendant to trace the history of the steps as existed before the accident, at the time of the acci-

dent and following the accident. It was their claim that within the step presented as Exhibit A there was contained the identical boards and lumber through which there could be a physical demonstration as to the width of the step at the time of the accident. The purpose of this was to meet the testimony of witnesses for plaintiff who were giving their recollections without measurements. We think the evidence was competent.

Considering the other ground of error, that the verdict was against the manifest weight of the evidence, we call attention to the well recognized rule that reviewing courts are not permitted to disturb the verdict of the jury merely upon the ground of an independent conclusion as to what its findings would have been upon the evidence submitted.

Unless the verdict should appear so manifestly against the weight of the evidence as to shock the conscience the judgment and finding of the jury must control. The jury and the trial court saw the witnesses and heard them testify and as a result are in better position to judge of the credibility.

Counsel for plaintiff calls attention to the number of witnesses who, according to their testimony, were familiar with this step and gave evidence leading to the irresistible conclusion that the top step was very narrow and thereby dangerous. We agree with counsel that the number of witnesses presenting testimony as to the narrowness of the step exceeded in number the witnesses giving contra evidence. It is possible and we may say probable that the jury were inclined to the conclusion that the physical evidence of the steps, together with the explanation of witnesses who made various changes was more convincing than the evidence of witnesses who relied upon their recollections as to the width.

There being nothing more than a general verdict we cannot be advised as to the controlling elements upon which the jury based its finding.

It may be that the jury concluded that since the plaintiff testified that she was familiar with this step claimed by her to be very narrow, she did not exercise proper care for her own safety and thereby was guilty of contributory negligence which, under the charge of the court, would preclude her from recovering.

We are unable to conclude that the verdict of the jury was against the manifest weight of the evidence.

Finding no prejudicial error, the judgment of the lower court will be affirmed and costs taxed against plaintiff in error.

Exceptions will be allowed.

KUNKLE, PJ, and HORNBECK, J, concur.